## United States District Court
## District of Minnesota

| | |
|---|---|
| Cynthia Ford, | Court file no. _____ (____/____) |
| Plaintiff, | |
| v. | **Complaint** |
| FrontLine Asset Strategies, LLC; Jeffrey Bronson; Kelly Evans; and David Christensen; | **JURY TRIAL DEMANDED** |
| Defendants. | |

## Jurisdiction

1.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") in their illegal efforts to collect a consumer debt.

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.  Venue is proper because the acts and transactions occurred in Minnesota, Plaintiff resides in Minnesota, and Defendants transact business in Minnesota.

## Parties

4.  Plaintiff Cynthia Ford is a natural person who resides in Apple Valley, Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.     Defendant FrontLine Asset Strategies, LLC, ("FrontLine") is a Minnesota limited-liability company and collection agency with its mailing address at 1935 West County Road B2, #425, Roseville, MN 55113. FrontLine is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6.     Defendant Jeff Bronson is a natural person and employee of FrontLine, and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7.     Defendant Kelly Evans is a natural person and employee of FrontLine, and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.     Defendant David Christensen is a natural person and employee of FrontLine, and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

### *Background: Identity Theft*

9.     On November 26, 2007, Ford was granted a divorce from her former husband, Robinson Ford, in Dakota County, court file no. 19-F2-07-8847.

10.    One of the terms of the Divorce Judgment and Decree was that Robinson Ford was responsible for all debts fraudulently incurred by him in Ford's name, specifically including the debt owed to HSBC/Orchard Bank.

11.    Ford obtained police reports detailing the facts that led to the fraudulent opening of, among others, the account with HSBC/Orchard Bank.

12.     Ford provided a copy of at least one of these police reports to HSBC/Orchard Bank as early as May 2007.

*FrontLine's Collection Efforts*

13.     HSBC/Orchard Bank contracted with FrontLine to collect the debt from Ford.

14.     FrontLine contacted Ford by mail and telephone in December 2009.

15.     Ford received collection communications from Defendants in an attempt to collect a debt from her that is a "debt" as defined by 15 U.S.C. § 1692a(5) ("the debt").

16.     In December 2009, Ford told FrontLine that she had been the victim of identity theft and that she was not responsible for repayment of the debt.

*Conciliation Court Action*

17.     On January 25, 2010, FrontLine filed a Summons and Complaint with the Dakota County Conciliation Court, File No. 19HA-CO-10-181.

18.     A hearing was set for March 11, 2010.

19.     On March 8, 2010, Ford faxed copies of the police reports and her divorce decree, which showed that the action against her was baseless.

20.   Later on March 8, 2010, Ford called FrontLine and explained—once again—that she was not responsible for the debt due to identity theft, and that the action against her was therefore baseless.

21.   Ford followed up with another telephone call later the same day. An employee of FrontLine who identified himself as an attorney claimed that the documentation Ford had provided did not prove that the debt was not hers. He stated, "We'll see you in court."

22.   When Ford asked for the employee's name, he hung up the telephone.

23.   FrontLine did not remove the hearing from the court's calendar or postpone the hearing to allow FrontLine to investigate.

24.   At the hearing, Ford explained to the referee that she was not responsible for the debt, and she provided the same documentation to the court that she had provided to FrontLine, along with additional documentation she had previously provided to HSBC/Orchard Bank.

25.   Evans, who represented FrontLine at the hearing, immediately admitted that there had been a "mistake," and that FrontLine realized the debt was the result of identity theft.

26.   The matter was dismissed with prejudice, and the court noted in the final judgment that Ford had been the victim of identity theft.

27. FrontLine's conduct had the natural consequence of harassing Ford, in violation of 15 U.S.C. § 1692(d).

28. FrontLine's actions in bringing and persisting with a suit it knew to be baseless were unfair or unconscionable, in violation of 15 U.S.C. § 1692(f).

29. FrontLine misstated the legal status of the debt and took an action that it could not legally take in bringing a meritless claim, in violation of 15 U.S.C. §§ 1692(e)2 and 1692(e)(5).

30. FrontLine's actions were false and deceptive, in violation of 15 U.S.C. § 1692e(10).

31. FrontLine's continued attempts to collect a debt were unfair and unconscionable, in violation of 15 U.S.C. § 1692f.

## *Summary*

32. The above-detailed conduct by Defendants in an effort to collect the debt represents violation of multiple provisions of the FDCPA, including, but not limited to, the provisions enumerated in the preceding paragraphs.

33. Ford has suffered actual damages as a result of Defendants' illegal conduct in the form of emotional distress, stress, embarrassment, lost sleep, diminished productivity at work, crying, and other negative emotions.

## Trial by Jury

34. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7; Fed. R. Civ. P. 38.

## Count 1:
## Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692-1692p

35. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

36. The foregoing intentional and negligent acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692–1692p.

37. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## Prayer for Relief

**Wherefore**, Plaintiff prays that judgment be entered against Defendants for:

a. statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.  actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be
determined at trial;

c.  costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. §
1692k(a)(3);

d.  actual damages for the emotional distress suffered as a result of the
invasions of Plaintiff's privacy in an amount to be determined at trial; and

e.  such other and further relief as this Court determines just and proper.

**The Glover Law Firm, LLC**

Date: <u>April 4, 2010</u>

<u>*s/Samuel J. Glover*</u>
Samuel J. Glover (#327852)
Randall P. Ryder (#389957)
125 Main Street SE, #250
Minneapolis, MN 55414

phone • 612.424.3770
fax • 612.605.1947
e-mail • email@theglf.com

Attorneys for Plaintiff

## Verification

**Cynthia Ford**, being duly sworn on oath, deposes and says that she is the

Plaintiff in this action; that she makes this verification on her own behalf and

under penalty of perjury, being duly authorized to do so; that she has read the

foregoing Complaint and knows the contents thereof, and that the same is true to

her knowledge, except as to those matters stated on information and belief, and

as to those matters she believes them to be true; that the grounds for her

knowledge and belief is information derived from her books and records, or

written instruments in her possession.


Date: _____          _____

                                        Cynthia Ford


Subscribed and sworn to before me
this ___ day of _____, 2010.

_____
Notary Public

SAMUEL J. GLOVER
Notary Public-Minnesota
My Commission Expires Jan 31, 2013